# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:12-CR-88-TLS |
| | ) | |
| PEDRO GARZA | ) | |

## OPINION AND ORDER

The Defendant, Pedro Garza, pled guilty to possession with intent to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). An officer with the United States Probation Office prepared a Presentence Investigation Report (PSR) prior to the Defendant's sentencing. According to the PSR, under the United States Sentencing Guidelines, the Defendant's total offense level is 31, and his criminal history category is VI.

On February 26, 2015, the Defendant filed a Sentencing Motion, Objection to Pre-Sentence Report Findings, and Request for a Downward Variance [ECF No. 137]. The Defendant objects to the following guideline calculations as contained in the PSR: (1) a "career offender" designation, pursuant to U.S.S.G. § 4B1.1(b); (2) a two-level enhancement for obstructing or impeding the administration of justice, pursuant to U.S.S.G. § 3C1.1; and (3) a two-level enhancement for reckless endangerment during flight, pursuant to U.S.S.G. § 3C1.2. The Defendant also objects to the PSR's inclusion of certain juvenile adjudications. Lastly, the Defendant requests a downward variance from the advisory guideline range, pursuant to 18 U.S.C. § 3553(a).

For the reasons stated in this Opinion and Order, the Court will sustain the Defendant's objection to the enhancement for obstructing or impeding the administration of justice, and overrule the Defendant's objections to the enhancements for reckless endangerment during flight

and his career offender designation, along with his objection to the PSR's inclusion of certain juvenile adjudications. The Court will also deny the Defendant's request for a downward variance from the advisory guideline range, finding that a guideline range of 188–235 months of imprisonment is sufficient, but not greater than necessary, to satisfy the purposes of sentencing.

**ANALYSIS**

When sentencing a defendant, the district court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Nelson v. United States*, 555 U.S. 350, 351 (2009); *see United States v. Panice*, 598 F.3d 426, 441 (7th Cir. 2010) (citing *Nelson*, and setting forth the two-step process that a sentencing court must engage in to determine a defendant's sentence). When calculating the guideline range, "[a] district court may rely on facts asserted in the PSR if the PSR is based on sufficiently reliable information." *United States v. Rollins*, 544 F.3d 820, 838 (7th Cir. 2008). "The defendant bears the burden of proving that the PSR is inaccurate or unreliable," and if he offers no evidence to question the PSR's accuracy, the Court may rely on it. *Id*.

Here, the Guidelines assign 24 points as the base offense level for the Defendant's offense. U.S.S.G. § 2D1.1(c)(8). The probation officer added 2 points to the Defendant's offense level for obstructing or impeding the administration of justice and 2 points for reckless endangerment during flight, resulting in an adjusted offense level of 28. The probation officer also designated the Defendant as a career offender, resulting in an adjusted offense level of 34. U.S.S.G. § 4B1.1(b). The offense level was lowered by 3 points for acceptance of responsibility

and for assisting authorities in the investigation or prosecution of the Defendant's own misconduct, *see* U.S.S.G. § 3E1.1(a-b), resulting in a total offense level of 31. Because the Defendant was designated as a career offender—and, alternatively, because he has a criminal history score of 13—his criminal history category is VI. The total offense level of 31 and criminal history category of VI results in a guideline range of 188–235 months of imprisonment.

**A.      Career Offender Designation**

Pursuant to U.S.S.G § 4B1.1(a), a defendant is designated as a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Here, the Defendant was at least 18 years old at the time he committed the instant offense, and the instant offense is a felony controlled substance offense. The Defendant also has three prior felony convictions in state court for Residential Entry, Resisting Law Enforcement (Fleeing), and Aggravated Battery.

The Defendant objects to the inclusion of his conviction for Resisting Law Enforcement to establish his designation as a career offender. According to the PSR, police officers observed the Defendant driving 46 mph in a 30 mph zone. The police officers activated their emergency lights and siren, and pursued the Defendant, who proceeded to flee in his vehicle while driving at speeds exceeding 70 mph. The Defendant eventually stopped his vehicle. The Defendant specifically argues that "[t]here is no indication that, prior to stopping for the police in that case, [he] made any attempt to harm anyone or anything." (Def's Mot. 7.) However, the Court need

3

not undertake an in-depth analysis of whether the Defendant's prior conviction for Resisting Law Enforcement constitutes a violent felony under the Guidelines because, in *Sykes v. United States*, the Supreme Court found that the particular circumstances of a crime are not dispositive and that resisting law enforcement by refusing to stop a vehicle does, in fact, constitute a violent felony. 131 S. Ct. 2267 (2011). As the court explained, "[w]hen a perpetrator defies a law enforcement command by fleeing in a car, the determination to elude capture makes a lack of concern for the safety of property and persons of pedestrians and other drivers an inherent part of the offense." *Id.* at 2273. Based on the Supreme Court's holding in *Sykes*, the Court finds that the Defendant's prior conviction for Resisting Law Enforcement constitutes a violent felony under U.S.S.G. § 4B1.1. Further, the Court finds—and the Defendant does not dispute—that the Defendant's prior offenses for Residential Entry and Aggravated Battery, also constitute violent felonies under the Guidelines.

Accordingly, the career offender enhancement applies to the Defendant. Because the Defendant was properly designated as a career offender, his base offense level is 34, regardless of whether the two-level enhancements for obstructing or impeding the administration of justice and reckless endangerment during flight apply in this case. Nonetheless, for the sake of a complete record, the Court will address the Defendant's remaining objections in turn.

**B.      Obstructing or Impeding the Administration of Justice**

The Defendant objects to the application of the two-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstructing or impeding the administration of justice, as contained in paragraph 45 of the PSR. Section 3C1.1 provides:

4

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (I) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

The Guidelines provide a non-exhaustive list of examples of the types of conduct to which § 3C1.1 applies. Application Note 4 identifies the following, which is relevant to this case: "(G) providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense," and "(H) providing materially false information to a probation officer in respect to a presentence or other investigation for the court." In contrast, "providing incomplete or misleading information, not amounting to a material falsehood, in respect to a presentence investigation" is generally not covered by § 3C1.1. Application Note 5(C).

The PSR provides that the Defendant, while being evaluated during a Court-ordered mental health evaluation, willfully obstructed or impeded the administration of justice by "providing repeated exaggerations and false statements" as to his ability to speak English. (PSR ¶ 31.) The PSR specifically states that "limited formal testing was completed as the [D]efendant refused to complete intelligence testing and complained he could not speak English." (*Id.* at ¶ 29.) Further, "[i]n spite of the presence of an interpreter, the [D]efendant refused to complete various written and oral assessments and questions regarding his personal history and court related information and was primarily uncooperative." (*Id.*) The Defendant was later observed speaking "clearly in English" during monitored telephone calls, and, according to the PSR, information gathered during the evaluation supports a finding that the Defendant is able to speak English. (*Id.*) The evaluation suggests, according to the evaluating, that the Defendant was

5

"exaggerating symptoms he may have been experiencing." (*Id.* at ¶ 30.)

The Court is not persuaded that the Defendant's conduct, while nettlesome, rises to the level of a willful obstruction or impediment to the administration of justice to necessitate a two-level enhancement. The Defendant claims that he was uncooperative because he was not adequately apprised by prior counsel as to the "process and evaluative procedures" involved in the mental health evaluation, and therefore, he was uncertain as to what information he should disclose during the evaluation. Application Note 2 to § 3C1.1 specifically addresses this issue, stating that "[a] court should be cognizant that inaccurate testimony or statements sometimes may result from confusion [or] mistake." But even if the Defendant's behavior was willful, the Court is not convinced that the Defendant provided materially false statements that significantly obstructed or impeded the investigation or prosecution of his offense. According to the PSR, the Defendant's statements related primarily to his ability to speak English, and not to his ability to understand the nature and consequences of the proceeding against him or his overall mental competency. Further, the evaluation, which was requested by the Defendant's previous counsel and occurred over a relatively short period of time—between June 21, 2013 and August 5, 2013—was eventually completed and was submitted to the Court on September 23, 2013. Such facts do not suggest that the Defendant's conduct posed a significant obstruction or impediment to the overall investigation or prosecution of his offense.

Lastly, by imposing a two-level enhancement for behavior similar to the Defendant's, the Court is concerned that defense counsel, when faced with the option of requesting a mental health evaluation for legitimate reasons, may hesitate due to concerns that an evaluation may expose a defendant to an enhanced sentence. For all of these reasons, the Court will sustain the

Defendant's objection.

C.    **Reckless Endangerment During Flight**

The Defendant further objects to the application of the two-level enhancement for reckless endangerment during flight, as contained in paragraph 46 of the PSR. A two-level enhancement in the offense level applies pursuant to U.S.S.G § 3C1.2 "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." For the adjustment to apply, the Government must show that the Defendant did more than "merely flee;" there must be "additional conduct" that creates a substantial risk of serious injury. *United States v. Lard*, 327 F.3d 551, 553 (7th Cir. 2003). Application Note 5 to § 3C1.2 states that a "defendant is accountable for the defendant's own conduct and for conduct that the defendant aided or abetted, counseled, commanded, induced, procured, or willfully caused."

Here, just after 3:20 PM on a Tuesday, the Defendant and his co-defendant, Luis Juarez-Cabrera, fled from law enforcement officers. The Defendant was a passenger in the fleeing vehicle driven by Juarez-Cabrera. During flight, Jaurez-Cabrera disregarded stop signs, drove over 100 miles per hour, and caused multiple vehicles to move to the side of the road. The areas driven through included areas with heavy traffic. These acts posed obvious dangers to the pursuing officers, and to innocent pedestrians and drivers with whom the Defendant's vehicle could have collided, causing disastrous and tragic results.

Again, under § 3C1.2, the Defendant is not only accountable for his own conduct, but also for the conduct he aided or abetted. The Defendant's flight from law enforcement officers

7

followed a joint undertaking of drug distribution between the Defendant and his co-defendant, the driver of the vehicle. While riding as a passenger in the vehicle driven by his co-defendant, the Defendant aided or abetted conduct that ignored obvious risks in a gross deviation from the standard of care that a reasonable person would exercise in the situation. For these reasons, the Court finds that the Defendant's conduct in the course of fleeing from law enforcement was reckless and created a substantial risk of death or serious bodily injury to another person. The Defendant's objection is overruled.

### D.     Other Arrests

The Defendant also objects to the inclusion of paragraphs 79–81 of the PSR—which are included under the category of "other arrests"—because they relate to juvenile adjudications that are over 20 years old. The information does not impact the guideline calculation, and the Court will not consider the matter in sentencing. The question remains, however, whether the Defendant has grounds to request that the information be excluded from the PSR.

Rule 32 of the Rules of Criminal Procedure requires that a Presentence Report contain "any prior criminal record." The aim of the presentence investigation is to provide an accurate, objective, and comprehensive report to the Court. It should contain enough information to assist the Court in making a fair sentencing decision, and also to assist corrections and community corrections officials in managing offenders under their supervision.

Paragraphs 79–81 are accurate statements of some of the Defendant's contacts with the criminal justice system. The BOP may consider the information relevant to classification, designation, and programming decisions. Even if the BOP gives it some consideration, the

8

juvenile adjudications included in paragraphs 79–81 are not so inconsistent with the other verifiable information about the Defendant's criminal history that it would result in a designation or classification not otherwise warranted by this Defendant's background and history. The Court overrules the Defendant's objection.

**E.     § 3553(a) Request for a Downward Variance**

In imposing a sentence, § 3553(a) requires a court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, and impose a sentence that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing: adequately capturing the seriousness of the offense, providing just punishment, promoting respect for the law, affording adequate deterrence, protecting the public, and rehabilitating the defendant. In making this determination, a district court may not presume that the Guidelines sentence is the correct one. *Nelson*, 555 U.S. at 352; *Rita v. United States*, 551 U.S. 338, 351 (2007). Ultimately, a district court must make an independent determination, taking into account the types of sentences available, the other relevant § 3553(a) factors, and the arguments of the parties. *See Gall v. United States*, 552 U.S. 38, 49–50 (2007). "[A] district court can vary categorically from every guideline, including the career offender guidelines." *United States v. Redmond*, 667 F.3d 863, 876 (7th Cir. 2012) (citing *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010)).

The Defendant argues that the sentence determined by the application of the criminal offender enhancement provides a sentence too severe to comport with the § 3553(a) factors in this case. Specifically, the Defendant argues that two of the Defendant's three prior

9

convictions—Residential Entry and Resisting Law Enforcement—are both "nominally violent" and are over 10 years old. (Def's Mot. 9.) Accordingly, the Defendant argues that, pursuant to U.S.S.G § 4A1.3(b)(3)(A), the Court should grant a downward variance of one criminal history level, which would result in a guideline range of 168–210 months of imprisonment.

Upon review of each of the § 3553(a) factors the Court finds that a guideline range of 188–235 months of imprisonment is sufficient, but not greater than necessary, to satisfy the purposes of sentencing. First, the nature and circumstances of the offense are serious. The PSR shows that the Defendant, while on probation for his Aggravated Battery conviction, was dealing in large quantities of cocaine. As such, the Defendant's offense carries a statutory maximum penalty of 40 years of imprisonment. Likewise, the history and characteristics of the Defendant warrant a sentence that is sufficiently serious to promote respect for the law and to protect the public from further crimes by the Defendant. Prior to the instant offense, the Defendant served multiple sentences of imprisonment for multiple crimes. In 2000, the Defendant was arrested and subsequently convicted for Residential Entry, resulting in an 18-month sentence of imprisonment. In 2002, the Defendant was arrested and subsequently convicted for Trespass, resulting in 1-year of imprisonment. The Defendant was again arrested in 2005 and subsequently convicted for Resisting Law Enforcement, resulting in an 18-month sentence of imprisonment. And prior to the offense at issue, the Defendant was arrested in 2006 and subsequently convicted for Aggravated Battery, resulting in a 20-year sentence of imprisonment, to which the Defendant was incarcerated for nearly six years between 2006 and 2012. The Defendant also violated conditions of parole or probation in 2001, 2006, and 2012, with all such violations resulting in further imprisonment. *See* PSR ¶¶ 55, 60, 64, 67, 72. Thus, despite the fact that two of the

Defendant's three felony convictions are over 10 years old, the Defendant's criminal history suggests a pattern of criminal behavior that has continued unabated for an extended period of time, with the only significant gap being a period between 2006 and 2012, a period in which the Defendant was incarcerated.

Furthermore, the Court cannot agree that the Defendant's convictions for Residential Entry and Resisting Law Enforcement should be deemed "nominally violent." The Residential Entry conviction, which entailed the Defendant breaking into a victim's home, was also accompanied by a Battery charge. According to the PSR, the Defendant "cut the screen on [the victim's] bedroom window, reached in, grabbed her, pulled her towards the window, and after a brief struggle struck her in the face." (PSR ¶ 58.) The same is true for the Defendant's conviction for Resisting Law Enforcement. Again, such a conviction is deemed a violent felony because a defendant's "determination to elude capture makes a lack of concern for the safety of property and persons of pedestrians and other drivers an inherent part of the offense." *Sykes*, 131 S. Ct. at 2273. The nature and circumstances of the offense—specifically, evading police officers by fleeing in a vehicle at speeds exceeding 70 mph after driving 46 mph in a 30 mph zone—suggests an inherent lack of concern for the safety of pedestrians and other drivers.

Accordingly, a guideline range of 188–235 months of imprisonment does not overstate the need to protect the public from the Defendant's future crimes. The Defendant has not presented sufficient evidence of rehabilitation, nor has he produced sufficient evidence that he has been deterred by his prior prison sentences. The Court finds that a more substantial term of imprisonment is required to meet the sentencing aims of § 3553. The Court finds that a sentence within the applicable guideline range is appropriate for the Defendant and that a downward

11

variance is unwarranted.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES the Defendant's objections to the enhancements for reckless endangerment and his career offender designation, along with his objection to the PSR's inclusion of juvenile adjudications in paragraphs 79–81. The Court SUSTAINS the Defendant's objection to the enhancement for obstructing or impeding the administration of justice. The Court also DENIES the Defendant's request for a downward variance from the advisory guideline range. The sentencing hearing scheduled for April 9, 2015, at 11:00 AM, is CONFIRMED.

SO ORDERED on April 3, 2015.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT