UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:12-CR-88-TLS |
| PEDRO GARZA | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion to Amend Judgment (Fed. R. Civ. P. 59(e)) [ECF No. 183], Motion to Appoint Counsel [ECF No. 184], and Motion for Vacatur of a Final Judgment Under Fed. R. Civ. P. 60(b) [ECF No. 185].

The Defendant's Motion to Amend Judgment (Fed. R. Civ. P. 59(e)) [ECF No. 183] is largely identical to his withdrawn filing under 28 U.S.C. § 2255 at docket entry 165. The only difference is the handwritten request that the Court "amend the judgment entered in this case on 4-9-15 and to impose a revised sentence that is 'sufficient, but not greater than necessary' to achieve the sentencing purposes of § 3553(a)." *See* Def.'s Mot. 1, ECF No. 183. Thus, the Motion is properly considered a successive filing under § 2255. As the Court indicated in a previous order [ECF No. 180], the Defendant may not file a second or successive habeas petitions unless he first obtains certification to do so from the court of appeals. *See* 28 U.S.C. § 2255(h) (providing that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"); *Holt v. United States*, 843 F.3d 720, 723 (7th Cir. 2016) (stating that "Section 2255(h) permits a *court of appeals* to authorize a successive collateral attack" (emphasis added)); *see also Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011) ("A § 2255 motion need not be adjudicated on the merits to 'count' as a prisoner's first motion for AEDPA purposes." (citing *Felder v. McVicar*, 113 F.3d 696, 697 (7th Cir.

1997))). Here, it does not appear that the Defendant has obtained permission from the Court of Appeals to file this successive petition. Thus, this Court cannot review the merits of the Defendant's arguments and will dismiss this Motion for lack of jurisdiction.

The Defendant also filed a Motion for Vacatur of a Final Judgment Under Fed. R. Civ. P. 60(b) [ECF No. 185]. This Motion asks the Court to overturn its Order at docket entry 173, which granted the Defendant's Motion to Withdraw Motion to Correct Sentence Under 28 U.S.C. § 2255 at docket entry 165. As the Court explained in its Opinion and Order withholding ruling on the Motion to Withdraw, allowing withdrawal did not alter the Motion's status as the Defendant's one opportunity to pursue collateral review. *See* Op. & Order 2, Apr. 17, 2017, ECF No. 172. The Defendant explains in his Motion that he did not want to withdraw his Motion to Correct Sentence Under 28 U.S.C. § 2255; that he never received a copy of the Court's April 2017 Order; and he now asks for relief pursuant to Federal Rule of Civil Procedure 60(b)(1) from the Order granting the withdrawal of the Motion so that he can amend his Motion to Correct Sentence under 28 U.S.C. § 2255. *See* Def.'s Mot. for Vacatur ¶¶ 2–9, ECF No. 185. However, a motion under Rule 60(b) must be made "within a reasonable time," and with respect to 60(b)(1), no more than a year after the entry of the order. *See* Fed. R. Civ. P. 60(c). The Defendant's Motion was filed nearly four years after the Order from which he is seeking relief, and is thus untimely. Therefore, the Court will deny this motion without prejudice.

Finally, in the Defendant's Motion to Appoint Counsel [ECF No. 184], the Defendant represents that, as he has submitted a 59(e) Motion and the facility where he is located is on lockdown/modified operations because of Covid-19, counsel should be appointed. The Court recognizes that "prisoners are entitled to access a prison law library or other legal materials only to the extent necessary to ensure that the prisoner's access to the courts, and his ability to litigate

any potentially meritorious challenge to his conviction, sentence, or conditions of confinement, is not prejudiced by lack of access to such materials." *United States v. Beach*, No. 2:11-CR-47, 2020 WL 3991174, at *4 (N.D. Ind. July 15, 2020). The Defendant's motion contains no facts or details related to how the modified lockdown has impacted his ability to access the law library or legal materials. Without additional information, the Court cannot conclude that the Defendant does not have sufficient access to a law library and/or legal materials and cannot grant the Defendant's Motion. Additionally, the Court is denying the Defendant's Rule 59(e) Motion as a successive petition under § 2255. Therefore, the Court denies the Defendant's request to appoint counsel.

## NO CERTIFICATE OF APPEALABILITY

The Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Rule 11 of the Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Where, as here, "a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

Because the Defendant has not obtained permission from the Court of Appeals to file a second habeas motion, the Court DISMISSES FOR LACK OF JURISDICTION the Defendant's Motion to Amend Judgment (Fed. R. Civ. P. 59(e)) [ECF No. 183]. The Defendant's Motion for Vacatur of a Final Judgment Under Fed. R. Civ. P. 60(b) [ECF No. 185] is DENIED as untimely filed. Finally, the Defendant's Motion to Appoint Counsel [ECF No. 184] is DENIED WITHOUT PREJUDICE.

SO ORDERED on April 28, 2021.

 s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT