**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:12-CR-88-HAB |
| | ) | |
| PEDRO GARZA | ) | |

**OPINION AND ORDER**

Defendant, Pedro Garza again seeks compassionate release (ECF No. 243) and again, the Government responded in opposition (ECF No. 247). Defendant again did not reply. And again, the Court will DENY his request.

Nothing in the facts or procedure has changed since Garza's previous three attempts at compassionate release. But, in its last order denying Garza's request for compassionate release, the Court addressed the merits of Garza's motion despite an empty record as to exhaustion. At the conclusion of that Opinion and Order (ECF No. 242), the Court emphasized to the Defendant that he must exhaust his administrative remedies prior to filing a future motion for compassionate release. Likewise, the Court encouraged the Government to routinely invoke the failure to exhaust in its opposition brief in all cases where it was clear that a Defendant had not complied with the exhaustion requirement.

In seeming compliance with this Court's prior Order, Garza claims in his current motion that he requested relief from the warden at USP Terre Haute on November 10, 2025, and received no response. Although he makes that representation, he did not submit any written documentation that indicated he made a specific request to the Warden at USP Terre Haute for compassionate release or the grounds upon which he was seeking such release. In the absence of such documentation, the Government, in turn, invoked the affirmative defense of exhaustion. In its

brief, the Government represents that an attorney with the BOP at Terre Haute advised the Government that there are no compassionate release requests on file from Garza at USP Terre Haute. For his part, Garza could have replied with supporting documentation, if it existed, showing that he exhausted his administrative remedies. He did not do so. As a result, the Court concludes that Garza did not properly exhaust his administrative remedies as required and his fourth request for compassionate release is DENIED.

## CONCLUSION

For the above reasons, the Defendant's Motion for Compassionate Release under 18 U.S.C. §3582(c)(1)(A) is DENIED. (ECF No. 243).

SO ORDERED on September 10, 2026.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT